LESLIE L. AND BARBARA FLAHERTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flaherty v. Commissioner
Docket Nos. 24786-83, 30076-84, 8261-86.
United States Tax Court
T.C. Memo 1987-61; 1987 Tax Ct. Memo LEXIS 57; 52 T.C.M. (CCH) 1536; T.C.M. (RIA) 87061; January 27, 1987. Kathryn J. Sedo, for the petitioners. Jack Forsberg, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: These cases were assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181 and 182. [1]
*58 In these consolidated cases respondent determined deficiencies in Leslie and Barbara Flaherty's [2] Federal income tax in the amounts of $1,868, $2,763, $2,230 and $1,895 for the taxable years 1980 through 1983, respectively. The sole issue for decision [3] is whether disability payments made to petitioner in 1980 through 1983 may be excluded from gross income under section 104(a)(2). Some of the facts have been stipulated and are found accordingly. The stipulations of fact and the exhibits attached thereto are incorporated by this reference. Petitioner resided in Roberts, Wisconsin, at the time that each of the petitions herein was filed. From 1974 through 1979 petitioner *59 was employed as an auditor by the Internal Revenue Service (IRS). In 1978 he was not promoted because of alleged errors in judgment. In April 1978, petitioner filed an Equal Employment Opportunity (EEO) complaint with the IRS. In September 1978, the IRS initiated a fitness for duty examination of petitioner. Petitioner refused to take the required physical examination. Subsequently, at the end of September 1978, petitioner filed a suit in Federal District Court against the IRS and others alleging the same cause of action as was contained in his IRS EEO complaint, i.e., discrimination on the basis of sex, religion, or national origin. Persisting in its efforts to retire petitioner, the IRS instituted a disability retirement application for him with the United States Civil Service Commission (CSC). CSC determined that petitioner was disabled and retired him, paying him disability retirement annuity payments. During the CSC process, petitioner's attorney requested that the U.S. Attorney's Office delay proceedings in the district court case because if the disability retirement was granted the district court case would be dismissed. After a final disability retirement determination *60 was made by CSC, petitioner voluntarily dismissed his complaint in the district court. The issue for decision is whether the disability annuity payments received by petitioner were "damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries." Section 104(a)(2). "The term 'damages received * * *' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Section 1.104(c), Income Tax Regs.
The evidence clearly shows that the payments were not the result of any agreement. The entire record also shows that the EEO case in the district court was unrelated to the administrative decision to retire petitioner and give him disability payments. The trial exhibits include letters between petitioner's counsel, Todd Young, and the then Assistant U.S. Attorney, Francis X. Herman. The letters indicate that the decision to dismiss the district court case was voluntarily made by petitioner. Petitioner argues that he extracted a promise from the IRS to give him the disability payments in exchange *61 for the dismissal. Petitioner points to a letter to his attorney, Mr. Young, from the U.S. Attorney dated July 25, 1979, which states: "Pursuant to our agreement, I have prepared a Stipulation of Dismissal of the above-captioned matter." Petitioner stresses that the letter uses the word "agreement," but it is more likely that the agreement referred to was for the U.S. Attorney to draw up the order of dismissal instead of an agreement to settle the case.This conclusion is supported by the fact that the U.S. Attorney did not have any authority to grant petitioner a disability retirement. In addition, in another letter to Mr. Young, dated January 30, 1979, Mr. Hermann left it up to petitioner to pursue the disability retirement and did not make any representation that he could influence the CSC decision. That decision was made through administrative procedures which were initiated by the IRS before the district court complaint was filed. Petitioner also contends that the IRS' decision to retire him was the result of his lawsuit and, therefore, the decision to settle was made by the IRS and did not require any action by the U.S. Attorney's office. In support of his position, petitioner *62 notes that the IRS sought legal advice about including reference to his EEO complaint in the disability retirement application. After a thorough review of the record in this case, we find that petitioner's disability retirement resulted from the IRS' initiative to provide for the physical and mental well-being of one of its employees. The disability retirement payments received by petitioner during the years in issue patently were not damages received by petitioner because of an agreement or a lawsuit.Those payments, therefore, are not excludable from income pursuant to section 104(a)(2). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Barbara Flaherty is a party to this action solely because she filed a joint return with Leslie Flaherty. All further references to "petitioner" will be to Leslie Flaherty.↩
3. Respondent also made other adjustments to petitioner's taxable income. In his petitions, petitioner contested the entire amounts of the deficiencies but did not raise these issue at trial or address them on brief. The other issues raised by the notices of deficiency are therefore deemed to have been conceded by petitioner.↩