WARD AND MARION FRENCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
French v. Commissioner
Docket No. 14678-90
United States Tax Court
T.C. Memo 1991-417; 1991 Tax Ct. Memo LEXIS 466; 62 T.C.M. (CCH) 599; T.C.M. (RIA) 91417; August 26, 1991, Filed *466 Decision will be entered for the respondent. Ward W. French, pro se. Gail K. Gibson, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,189 in petitioners' Federal income tax for the taxable year 1987. The issue for decision is whether petitioners may exclude from gross income the amount of the civil service annuity received by petitioner Ward French (hereinafter petitioner) during 1987. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioners resided in Kenmare, North Dakota, at the time they filed their petition. Petitioner was born on August 3, 1915, and reached the *467 age of 65 during the calendar year 1980. Petitioner served in the armed forces during World War II. While in the service, he sustained ankle injuries in a paratroop jump. As a result thereof, the Veterans' Administration (VA) awarded him a VA pension based on a 10-percent disability; this was later increased to 20 percent. The parties agree that the amounts received by petitioner as a VA pension are not includable in his gross income, and, therefore, they are not at issue in this proceeding. Petitioner was employed by the United States Postal Service as a mail carrier from 1951 until 1966. On April 25, 1966, petitioner retired on disability from the United States Postal Service. In 1987, petitioner received a civil service annuity payment of $ 8,748.00. It is petitioner's position that the civil service annuity payment which he received in 1987 is excludable from gross income. In particular, petitioner claims that the injuries he received while in the armed forces were the cause of the termination of his employment with the United States Postal Service. Petitioner, therefore, argues that the civil service annuity payment represents payment to him because of service-incurred *468 injuries and are not taxable income. Further, petitioner contends that his position is supported by Internal Revenue Service Publication 525, Taxable and Non-Taxable Income (hereinafter Publication 525). Section 104(a)(4) provides, in pertinent part, that gross income does not include "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces." In interpreting that language, we have held that payments from the Civil Service Retirement and Disability Fund cannot be excluded from income under section 104(a)(4) because such payments are not made because of an injury or illness incurred while serving in the military. Instead, the payments are made because the taxpayer is unable to perform the work required of him in his civilian job. , affd. per curiam ; . The payments which petitioner received as a civil service annuity were made because he could not perform his duties as a mail carrier for the United States Postal Service. Applying *469 the rationale of Haar and French, we hold that petitioner may not exclude the annuity payments from income under section 104(a)(4). In addition, we note that any reliance by petitioner on Publication 525 is misplaced. The publication generally states that disability retirement income is taxable. However, the publication goes on, in part, to describe certain disability retirement benefits which are not subject to taxation, namely, benefits received as the result of injuries or sickness resulting from active service in the armed forces of any country, the National Oceanic and Atmospheric Administration, the Public Health Service, or the Foreign Service. Since the annuity payments at issue were received from the United States Postal Service because petitioner could not perform his duties as a mail carrier, petitioner does not fall within the ambit of the exclusion discussed in Publication 525. Even if Publication 525 were to be construed in petitioner's favor, respondent is not estopped from taking a different position. Publications of the Internal Revenue Service are merely guides and if such publications are erroneous, then statutes, regulations, and judicial decisions *470 to the contrary govern. , affd. without published opinion . Accordingly, we sustain respondent's determination that petitioner's civil service disability retirement annuity is taxable. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩