106 T.C. No. 24


UNITED STATES TAX COURT


ESTATE OF GORDON H. BARTELS, DECEASED, SALLY A. JOURIS AND THOMAS
G. BARTELS, EXECUTORS, AND ESTATE OF VIOLET J. BARTELS, DECEASED,
SALLY A. JOURIS AND THOMAS G. BARTELS, EXECUTORS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13886-90.                    Filed June 11, 1996.


        Both parties moved for summary judgment based
solely on the issue whether this Court has jurisdiction
to allow, by way of equitable recoupment, an offset of
a barred estate tax overpayment resulting from the
deductibility of the stipulated income tax deficiency
herein as a debt of the decedent, Gordon Bartels.
<u>Held</u>, this Court has such jurisdiction.  <u>Estate of
Mueller v. Commissioner</u>, 101 T.C. 551 (1993),
reaffirmed and applied.


        <u>John E. Pfau</u>, for petitioners.

        <u>John F. Eiman</u> and <u>Thomas L. Fenner</u>, for respondent.

OPINION

TANNENWALD, Judge: Respondent determined deficiencies in, and additions to, the decedents' Federal income taxes as follows:

| Year | Deficiency | Additions to Tax Under I.R.C. Secs. | | |
| | | 6653(a)(1) | 6653(a)(2) | 6659 |
| --- | --- | --- | --- | --- |
| 1981 | $55,681 | $2,784 | [1] | $16,704 |
| 1982 | 60,047 | 3,002 | [1] | 18,041 |

[1] Addition to tax is 50 percent of the interest due on the portion of the underpayment due to negligence.

After concessions by both parties, the issue remaining for decision is whether, under the doctrine of equitable recoupment, petitioners may offset against their Federal income tax liability an overpayment of estate tax, the claim for which is barred by the statute of limitations.

The case is before us on cross-motions for summary judgment.

All the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. There being no dispute as to any material fact, this case is ripe for disposition in accordance with the cross-motions of the parties for summary judgment. Rule 121[1]; Brotman v. Commissioner, 105 T.C. 141 (1995). For the purpose of such disposition, we set forth the relevant facts.

Petitioners are the estates of Violet J. Bartels (Mrs. Bartels) and Gordon H. Bartels (Mr. Bartels). At the date of

---

[1] All statutory references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Mrs. Bartels' death, October 4, 1982, she was a resident of Rockford, Illinois. At the date of Mr. Bartels' death, May 16, 1989, he was also a resident of Rockford, Illinois.

Sally A. Jouris and Thomas G. Bartels are the duly appointed executors of both estates. They maintained their legal address in Rockford, Illinois, at the time the petition was filed.

Mr. and Mrs. Bartels timely filed a joint U.S. individual income tax return for the 1981 tax year. Following Mrs. Bartels' death in 1982, Mr. Bartels timely filed a joint U.S. individual income tax return for the 1982 tax year, pursuant to section 6013(d)(1).[2]

On March 28, 1990, respondent issued a notice of deficiency for the 1981 and 1982 tax years. The petition herein in respect of such notice was timely filed.

Pursuant to a stipulation of settled issues, petitioners concede liability for the deficiency for the 1981 and 1982 tax years as determined by respondent.

---

[2] Sec. 6013(d)(1) allows taxpayers to file a joint return although one spouse dies before the close of the taxable year of the other.

Estate Tax

The estate of Mr. Bartels filed a U.S. Estate and Generation-Skipping Transfer Tax Return, Form 706, with the Internal Revenue Service at Kansas City, Missouri, on February 21, 1990.  It reported a total estate tax liability of $3,582,245, which was paid as follows:

| | |
|---|---|
| February 20, 1990 | $3,312,643 |
| February 20, 1990 | 109,602 |
| February 20, 1990 | 80,000 |
| February 21, 1990 | 80,000 |
| Total Payments | $3,582,245 |

Respondent assessed the estate tax liability, in the amount of $3,582,245, on April 9, 1990.

On November 18, 1991, respondent assessed a deficiency in estate tax of $94,364, plus statutory interest of $17,094.88. Both amounts were fully paid on September 18, 1991.

On the original estate tax return, the estate did not claim any deduction for debts of the decedent, Mr. Bartels, to respondent for income tax liabilities for the 1981 and 1982 tax years.  Thus, on September 14, 1993, the estate filed an amended estate tax return, claiming deductions from the taxable estate for the following:

| | |
|---|---|
| 1981 Federal income tax and interest | $132,776.23 |
| 1982 Federal income tax and interest | 126,385.98 |
| 1981 State income tax and interest | 3,657.86 |
| 1982 State income tax and interest | 4,885.50 |
| Total | $267,705.57 |

As a result of the deductions, the amended return showed an overpayment of estate tax in the amount of $108,689.

Since the amended return was filed more than 3 years after the original return, respondent allowed a claim for refund only to the extent of estate tax paid within 2 years before the amended estate tax return was filed. See sec. 6511(a). Respondent thus refunded $94,364 but not the remaining $14,325 of the overpayment, which she determined to be barred by the statute of limitations.

With respect to the overpayment in estate tax that has not been refunded, $7,086.58 is attributable to the deduction for 1981 Federal income tax liability and $6,781.45 is attributable to the deduction for 1982 Federal income tax liability.[3]

Petitioners argue that, under the doctrine of equitable recoupment, the amount of the Federal income tax deficiencies should be reduced by the time-barred overpayment of estate tax resulting from the deductibility of such deficiencies. The

_____

[3]  Petitioners concede they may not offset the deficiencies in this case with overpayments due to deductions for State income tax liability for 1981 and 1982.

parties have framed their respective motions solely in terms of the jurisdiction of this Court, petitioners arguing that we have such jurisdiction and respondent arguing that we do not.[4]

The jurisdictional status of equitable recoupment in this Court has had a long history, which we have recently reviewed with painstaking care in Estate of Mueller v. Commissioner, 101 T.C. 551 (1993) (Court reviewed).  We see no need to reiterate that history.  Rather, we turn directly to the statutory provision upon which respondent relies, section 6214(b), which provides as follows:

> (b)  Jurisdiction Over Other Years and Quarters.-- The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.

_____

[4]  Respondent has raised no question in respect of the requirements of the "same transaction" concept upon which the doctrine of equitable recoupment rests presumably because, aside from the question of the jurisdiction of this Court, she has taken the position that equitable recoupment is available under the circumstances of this case in a ruling that she does not seek to disavow herein.  Rev. Rul. 71-56, 1971-1 C.B. 404; see O'Brien v. United States, 766 F.2d 1038, 1047-1051 (7th Cir. 1985); compare United States v. Bowcut, 287 F.2d 654 (9th Cir. 1961), and United States v. Herring, 240 F.2d 225 (4th Cir. 1957), with Wilmington Trust Co. v. United States, 221 Ct. Cl. 686, 610 F.2d 703 (1979); see also Andrews, "Modern-Day Equitable Recoupment and the 'Two Tax Effect': Avoidance of the Statutes of Limitation in Federal Tax Controversies," 28 Ariz. L. Rev. 595 (1986).

In Estate of Mueller v. Commissioner, supra, we concluded that, because the foundation of our jurisdiction was an estate tax deficiency, the case did not fall within the scope of section 6214(b), which speaks only in terms of determinations of "a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter". Under these circumstances, we held that we had jurisdiction to permit the petitioner to offset a barred income tax overpayment.

Respondent urges us to overrule Estate of Mueller and return to the historical picture that evolved from Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943), and reflected a consistent denial of our jurisdiction to allow equitable recoupment. This we will not do.

Alternatively, respondent argues that because income tax deficiencies are the basis of our jurisdiction herein, Estate of Mueller is distinguishable and section 6214(b) clearly applies. We disagree. In focusing on the opening language of section 6214(b), respondent ignores the concluding language of the section, which speaks in terms of our not having "jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid" (emphasis added). We think this language means that, at most, section 6214(b) may operate to preclude us from determining the income tax or gift tax for any prior period. In this connection, we note that in

Estate of Mueller we indicated that equitable recoupment might, in any event, apply in a "same transaction" situation, see supra note 4, even where an income tax or gift tax for a prior period is involved, when we stated:

> we interpret Gooch Milling as not preventing the Tax Court from considering the affirmative defense of equitable recoupment when it is properly raised in a timely suit for redetermination of a tax deficiency over which we have jurisdiction. * * * [Estate of Mueller v. Commissioner, 101 T.C. at 560; emphasis added.]

The same reasoning that led to our holding in Estate of Mueller v. Commissioner, supra, leads us to conclude that equitable recoupment of the estate tax overpayment against the income tax deficiencies herein is not precluded by section 6214(b).

Our conclusion finds support in the legislative development of section 6214(b). That section originated with the inclusion of section 274(g) in the income tax provisions of the Revenue Act of 1926, ch. 27, 44 Stat. 56. No comparable section was included in the estate tax provisions of that Act. No mention was made of the gift tax because that tax did not come into existence until the Revenue Act of 1932. In enacting the gift tax provisions of the 1932 Act, Congress included section 512(g) of the Revenue Act of 1932, ch. 209, 47 Stat. 250, which was, except for the designated tax, a verbatim version of section 274(g) of the Revenue Act of 1926; no reference to section 512(g) appears in

the committee reports accompanying the 1932 Act. No comparable section was included in the estate tax provisions of the 1932 Act.

Sections 274(g) and 512(g) were incorporated into the Internal Revenue Code of 1939 by section 272(g) (relating to the income tax) and section 1012(g) (relating to the gift tax); again no comparable section was included in the estate tax provisions of the 1939 Code. This situation remained until the enactment of the 1954 Code when sections 272(g) and 1012(g) were combined into section 6214(b). The only legislative history in respect of this action is the identical comment in the committee reports that "This section represents no change in existing law". H. Rept. 1337, 83d Cong., 2d Sess. A405 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 573 (1954). Of interest is the fact that section 6214(b) speaks only of an income tax or gift tax deficiency although it is included in subchapter B of chapter 63 entitled "Deficiency Procedures in the Case of Income, Estate, Gift * * * Taxes".

Granted that there is no legislative explanation as to why the limitation of the authority of this Court by section 6214(b) or its antecedents did not extend to the estate tax, the foregoing analysis of legislative action reinforces our interpretation that the words "the tax" in section 6214(b) are limited to income and gift taxes and therefore do not preclude us

from allowing equitable recoupment of an estate tax overpayment against an income tax deficiency. In this connection, we note that what is involved herein is a question of our authority and not a question of our jurisdiction since we already have jurisdiction by virtue of the income tax deficiency notice and the timely petition filed in response thereto. Thus, the cases articulating a principle that the jurisdiction of this Court is limited to that conferred upon it by Congress represented by Commissioner v. Gooch Milling & Elevator Co., supra, and its progeny, have no application. See Estate of Mueller v. Commissioner, 101 T.C. at 553, 560.

In sum, we hold that petitioners are entitled to recoup the barred estate tax overpayment against the stipulated income tax deficiencies. Thus, we shall grant petitioners' motion and deny respondent's motion for summary judgment.

To take into account our conclusion herein and the stipulation of settled issues,

An appropriate order will be issued, and decision will be entered under Rule 155.