T.C. Memo. 2000-150


UNITED STATES TAX COURT


ESTATE OF HARRY ORENSTEIN, DECEASED, SUSAN CARRANO AND ARTHUR
ORENSTEIN, PERSONAL REPRESENTATIVES AND
ESTATE OF LORA ORENSTEIN, DECEASED, SUSAN CARRANO AND ARTHUR
ORENSTEIN, PERSONAL REPRESENTATIVES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 25687-85, 4930-88.    Filed April 26, 2000.


R issued notices of deficiency to H and W
determining Federal income tax liabilities for their
1981 and 1982 taxable years.  H thereafter filed
petitions for redetermination on behalf of himself and
W's estate.  Following H's subsequent death, his estate
filed a Federal estate tax return which did not reflect
a deduction for the still-pending income tax
liabilities.  Because a refund of the resulting estate
tax overpayment is now time-barred, Ps seek to have a
corresponding amount offset against the income tax
liabilities pursuant to an equitable recoupment
defense.

Held:  Ps are entitled, under the doctrine of
equitable recoupment, to offset against their Federal
income tax liabilities an overpayment of estate tax,
the claim for which is barred by the statute of
limitations.  Estate of Branson v. Commissioner, 113

T.C. 6 (1999); Estate of Bartels v. Commissioner, 106 T.C. 430 (1996); and Estate of Mueller v. Commissioner, 101 T.C. 551 (1993), followed.

Stuart R. Singer, Michael R. Matthias, and Jeffrey P. Berg, for petitioners.

David C. Holtz, for respondent.


MEMORANDUM OPINION

NIMS, Judge:  Respondent determined the following deficiencies and additions to tax with respect to decedents' Federal income taxes for the taxable years 1981 and 1982:

|  |  |  | Additions to Tax |  |
| Taxable Year | Income Tax Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 |
| 1981 | $45,700 | $2,285 | 50% of interest due on $45,700 | -- |
| 1982 | 7,604 | -- | -- | $2,281 |

Respondent further determined that $19,539 and $7,604 of the deficiencies for 1981 and 1982, respectively, were subject to the increased interest charged on "substantial underpayments attributable to tax motivated transactions" under section 6621(c) (for 1982) or 6621(d) (for 1981).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners in these consolidated cases are the estates of Harry Orenstein (Mr. Orenstein) and Lora Orenstein (Mrs. Orenstein). Susan Carrano and Arthur Orenstein are the personal representatives of both estates. After concessions, the issue for decision is whether petitioners, under the doctrine of equitable recoupment, are entitled to offset against their Federal income tax liabilities an overpayment of estate tax, the claim for which is barred by the statute of limitations. Subsumed in this inquiry and determinative thereof is the question of whether the Tax Court has authority to grant equitable recoupment relief.

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

## Background

Mr. and Mrs. Orenstein filed joint Federal income tax returns for 1981 and 1982. Mrs. Orenstein died on December 28, 1983, and Mr. Orenstein became executor of her estate. Respondent thereafter issued notices of deficiency for the 1981 and 1982 tax years, to which Mr. Orenstein responded by filing petitions for redetermination with this Court. He at the time of filing resided in Hollywood, Florida.

On May 14, 1993, Mr. Orenstein died.  A prepayment of estate taxes in the amount of $1,655,000 was made in March of 1994.  The estate of Mr. Orenstein then filed a U.S. Estate (and Generation-Skipping Transfer) Tax Return, Form 706, on September 7, 1994.  The Form 706 reported a total estate tax liability of $1,613,799 and did not claim any deduction for debts of the decedent to respondent for the still-pending 1981 and 1982 income tax liabilities.  Respondent assessed estate taxes of $1,613,799, as reported, and the excess prepayment sum was refunded in February of 1995.

Subsequently, in November of 1998, petitioners and respondent entered stipulations settling all issues with respect to the income tax deficiency cases except for that regarding petitioners' assertion of entitlement to equitable recoupment relief.  Pursuant to this settlement, petitioners conceded liability for income tax deficiencies and increased interest in the amounts determined by respondent.  Respondent conceded that petitioners were not liable for additions to tax under section 6653 or 6659.  Petitioners maintained, however, that because the portion of such agreed liabilities owing as of Mr. Orenstein's date of death had not been deducted for estate tax purposes and refund of estate taxes was time-barred, they were entitled to

offset against the stipulated 1981 and 1982 income tax debts an $84,590 overpayment of estate tax. This claim for equitable recoupment is the subject of the instant litigation.

## Discussion

### I. Contentions of the Parties

Petitioners contend both that their situation satisfies the factual prerequisites for equitable recoupment relief and that this Court has the legal authority to afford such relief. They base their averments primarily on our recent decisions in Estate of Branson v. Commissioner, 113 T.C. 6 (1999), Estate of Bartels v. Commissioner, 106 T.C. 430 (1996), and Estate of Mueller v. Commissioner, 101 T.C. 551 (1993).

Conversely, respondent asserts that this Court lacks authority to recognize an equitable recoupment defense. Respondent argues that cases such as Estate of Branson v. Commissioner, supra, and Estate of Bartels v. Commissioner, supra, were incorrectly decided and ignore a plain reading of statutory and case law. In the alternative, respondent maintains that Continental Equities, Inc. v. Commissioner, 551 F.2d 74 (5th Cir. 1977), affg. in part and revg. in part T.C. Memo. 1974-189, is controlling law in the Eleventh Circuit and thereby settles the issues in this case, in a manner consistent with respondent's position, pursuant to the rule established in Golsen v.

Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). We disagree with respondent and, for the reasons explained below, hold for petitioners.

II. Equitable Recoupment

A. General Rules

To "recoup" is to "get back the equivalent of something lost." Crop Assoc.-1986 v. Commissioner, 113 T.C. 198, 200 (1999). Equitable recoupment, in turn, is a judicially created doctrine under which a claim for a refund of or deficiency in taxes barred by a statute of limitations may nonetheless be recouped, or offset, against a tax claim of the Government (in the case of a time-barred refund) or of the taxpayer (in the case of a time-barred deficiency assessment). See Bull v. United States, 295 U.S. 247, 262 (1935); Crop Assoc.-1986 v. Commissioner, supra at 200; Estate of Mueller v. Commissioner, supra at 551-552. Equitable recoupment operates only in the nature of a defense to reduce the Government's timely claim for a deficiency, or the taxpayer's timely claim for a refund, not affirmatively to collect the time-barred overpayment or underpayment. See Bull v. United States, supra at 262; Estate of Branson v. Commissioner, supra at 9-10; Estate of Mueller v. Commissioner, supra at 552.

The purpose of the equitable recoupment doctrine is "to preclude unjust enrichment of a party to a lawsuit and to avoid

wasteful multiplicity of litigation."  Estate of Mueller v.
Commissioner, supra at 551-552; see also Crop Assoc.-1986 v.
Commissioner, supra at 200.  The elements necessary to sustain a
claim for equitable recoupment require:  (1) The refund or
deficiency for which recoupment is sought by way of offset be
barred by time; (2) the time-barred offset arise out of the same
transaction, item, or taxable event as the overpayment or
deficiency before the Court; (3) the transaction, item, or
taxable event have been inconsistently subjected to two taxes;
and (4) if the subject transaction, item, or taxable event
involves two or more taxpayers, there be sufficient identity of
interest between the taxpayers subject to the two taxes so that
the taxpayers should be treated as one.  See Crop Assoc.-1986 v.
Commissioner, supra at 200-201; Estate of Branson v.
Commissioner, supra at 15.

Here, in conceding on brief that "petitioners would be
entitled to equitable recoupment relief if these cases were
brought before the United States District Court", respondent
essentially concedes that petitioners have met the requisite
elements for a valid equitable recoupment claim.  We further note
that a nearly identical failure to deduct pending income tax
deficiency claims, for estate tax purposes, has been held a

proper basis for recoupment.  See Estate of Bartels v. Commissioner, supra.  Hence, we need address only the parties' contentions regarding our authority to grant such relief.

B.  The Tax Court Position

The issue of whether this Court possesses authority to recognize an equitable recoupment defense has a long history. Prior to our decision in Estate of Mueller v. Commissioner, supra, we adhered to the view that we lack jurisdiction to apply equitable recoupment.  See Estate of Schneider v. Commissioner, 93 T.C. 568, 570 (1989); Phillips Petroleum Co. v. Commissioner, 92 T.C. 885, 889-890 (1989); Estate of Van Winkle v. Commissioner, 51 T.C. 994, 999-1000 (1969).  This position was based in large part on Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420-422 (1943), in which the U.S. Supreme Court held that the limited jurisdiction of the Board of Tax Appeals, an administrative agency and the predecessor of the Tax Court, did not extend to claims of equitable recoupment.

In 1990, however, the Supreme Court noted in United States v. Dalm, 494 U.S. 596, 611 n.8 (1990):  "We have no occasion to pass upon the question whether Dalm could have raised a recoupment claim in the Tax Court."  We concluded from this statement that the Supreme Court left open whether the Tax Court, as presently constituted in the form of a court of law under Article I of the Constitution, see Freytag v. Commissioner, 501

U.S. 868, 887 (1991), has authority to hear such a claim.  We then proceeded to reexamine the issue in Estate of Mueller v. Commissioner, 101 T.C. 551 (1993), and subsequently in Estate of Bartels v. Commissioner, 106 T.C. 430 (1996), and Estate of Branson v. Commissioner, 113 T.C. 6 (1999).  In each of these cases, we held that this Court has authority to apply equitable recoupment.  See Estate of Branson v. Commissioner, supra at 7, 14; Estate of Bartels v. Commissioner, supra at 434-436; Estate of Mueller v. Commissioner, supra at 556, 561.

Our position in this recent line of cases rests upon considerations of, among other things, statutory language, the nature of this Court, and our role in resolving tax controversies.  As regards statutory language, we have interpreted section 6214(b), which states that the Court "shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid", to mean, at most, that we may be precluded from determining the income tax or gift tax for any prior period.  See Estate of Branson v. Commissioner, supra at 12; Estate of Bartels v. Commissioner, supra at 434.  Hence, contrary to respondent's averments, the section does not operate to prevent an offset for overpayment of estate tax.  See Estate of Bartels v. Commissioner, supra at 434-435.

Concerning the nature of this Court, we have focused on the difference between the highly circumscribed authority of an executive agency such as the Board of Tax Appeals and the broader judicial power exercised by an Article I court. See Estate of Branson v. Commissioner, supra at 10-12. We have further concluded therefrom that Commissioner v. Gooch Milling & Elevator Co., supra, and its progeny are not controlling on the issue of equitable recoupment. See Estate of Branson v. Commissioner, supra, at 11-12.

With respect to the Court's role in resolving tax controversies, we have placed particular emphasis on the distinction between expanding our jurisdiction through equitable powers and applying equitable principles in disposition of cases that come within our jurisdiction. See Estate of Branson v. Commissioner, supra at 12; Estate of Bartels v. Commissioner, supra at 435; Estate of Mueller v. Commissioner, supra at 556-557. Only the former is prohibited and only the latter is involved when the affirmative defense of equitable recoupment is considered in resolving a deficiency proceeding properly before us. See Estate of Branson v. Commissioner, supra at 12-13; Estate of Bartels v. Commissioner, supra at 435-436; Estate of Mueller v. Commissioner, supra at 557. Moreover, in considering our role in relation to that of the U.S. District Courts, we have noted the following:

Considered together, these sections [sections 7422(e), 6512(a), and 7481] indicate that "Congress intended the Tax Court to have full judicial authority to resolve issues over which it has jurisdiction". <u>Woods v. Commissioner</u>, 92 T.C. * * * [776, 788 (1989)]. Judge Halpern further observed that

> the Code is structured to channel tax litigation to the Tax Court. We are the tax forum of choice, because only here can the tax liability be litigated prior to payment. Understandably, we preside over the vast majority of tax litigation. * * * [<u>Estate of Mueller v. Commissioner</u>, <u>supra</u> at 564 (Halpern, J., concurring) (citations omitted).]

> If this Court lacked authority to consider equitable recoupment, a taxpayer without the practical ability to prepay the contested deficiency and sue for refund in a different forum would be precluded from raising a defense available to a more affluent taxpayer who has the means to do so. We do not believe that Congress intended this result. * * * [<u>Estate of Branson v. Commissioner</u>, <u>supra</u> at 13-14.]

Confronted by the foregoing precedent, respondent argues that the above cases were incorrectly decided and urges us to adopt the position taken by the Court of Appeals for the Sixth Circuit in <u>Estate of Mueller v. Commissioner</u>, 153 F.3d 302 (6th Cir. 1998), affg. 107 T.C. 189 (1996). After determining in <u>Estate of Mueller v. Commissioner</u>, 101 T.C. at 561, that we could consider an equitable recoupment claim, we held in <u>Estate of Mueller v. Commissioner</u>, 107 T.C. at 199, that the taxpayer was not entitled to such relief on the facts of the case. The Court

of Appeals for the Sixth Circuit affirmed but did so on the grounds that we lacked jurisdiction to apply the doctrine. See Estate of Mueller v. Commissioner, 153 F.3d at 307.

In Estate of Branson v. Commissioner, supra at 10-11, however, we expressly considered the ruling by the Court of Appeals for the Sixth Circuit. We declined then to alter our stand on the issue of equitable recoupment for the reasons previously discussed and, believing these reasons still valid, we likewise decline to do so now. Thus, in accordance with the position of this Court regarding our authority to grant equitable recoupment relief, and with respondent's concession that petitioners meet the requirements of the defense, petitioners would be entitled to recoup the barred estate tax overpayment against the stipulated income tax deficiencies. We therefore turn to whether, under the rule of Golsen v. Commissioner, 54 T.C. 742 (1970), the decision by the Court of Appeals for the Fifth Circuit in Continental Equities, Inc. v. Commissioner, 551 F.2d 74 (5th Cir. 1977), demands a contrary result.

C. The Golsen Rule and the Eleventh Circuit

In Golsen v. Commissioner, supra at 757, this Court established the rule that we shall "follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals" (the Golsen rule). We subsequently have further clarified the doctrine's reach,

emphasizing that it is "a narrow exception" and should be applied only when the following rationale prompting its development rings true: "where a reversal would appear inevitable, due to the clearly established position of the Court of Appeals to which an appeal would lie, our obligation as a national court does not require a futile and wasteful insistence on our view." Lardas v. Commissioner, 99 T.C. 490, 494-495 (1992).

Here, appeal would normally lie to the Court of Appeals for the Eleventh Circuit. No reported decision from that court addresses the issue of the Tax Court's authority to afford relief on the basis of an equitable recoupment defense. However, cases decided by the Court of Appeals for the Fifth Circuit prior to October 1, 1981, are considered binding precedent within the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). Respondent contends that the 1977 Fifth Circuit case of Continental Equities, Inc. v. Commissioner, supra, is controlling for purposes of the instant matter.

Continental Equities, Inc. v. Commissioner, supra at 78-79, involved a section 482 imputation of interest income to Continental Equities, Inc., (Continental) from loans it had made to four related corporations. A correlative interest expense was deemed to have been allocated among the four related corporations, but three of the four failed to file a timely refund claim. See id. at 79. Continental argued that, in order

to sustain the imputation of interest income, the Tax Court should have either ordered the payment of refunds to the related corporations or allowed Continental to offset their overpayments under the doctrine of equitable recoupment. See id.

Faced with these facts, the Court of Appeals disposed of Continental's recoupment claim with the following statement: "the conclusion that the 1969 Tax Reform Act [establishing the Tax Court as an Article I court] did not grant the Tax Court equitable jurisdiction is inescapable. The courts that have addressed the issue are in agreement without [sic] conclusion that the Tax Court still does not possess jurisdiction over equitable claims." Id. at 84.

We, however, find Continental Equities, Inc. v. Commissioner, supra, an insufficient basis upon which to predicate an application of the Golsen rule. Despite the broad language employed by the Court of Appeals for the Fifth Circuit, three additional considerations render us unable to make the requisite conclusion that reversal by the Court of Appeals for the Eleventh Circuit would be inevitable if we were to sanction equitable recoupment relief in the case at bar. These considerations include the lack of factual similarity, the lengthy interim of time and ensuing developments regarding Tax

Court authority, and the decision by the Court of Appeals for the Eleventh Circuit in Bokum v. Commissioner, 992 F.2d 1136 (11th Cir. 1993), affg. T.C. Memo. 1990-21.

With respect to lack of similarity, the facts in Continental Equities, Inc. v. Commissioner, supra, would not appear to present a scenario for potential application of equitable recoupment in the sense in which the doctrine has been defined and used in our recent opinions. The failure or inability of the four related corporations to claim correlative deductions for interest as a result of a section 482 adjustment to the income of the taxpayer, as in Continental Equities, Inc. v. Commissioner, supra, is of a different genre than the type of inconsistent treatment presented in cases such as Estate of Branson v. Commissioner, 113 T.C. 6 (1999), Estate of Bartels v. Commissioner, 106 T.C. 430 (1996), and Estate of Mueller v. Commissioner, 101 T.C. 551 (1993).

As regards the ensuing time and developments, more than 2 decades have passed since the 1977 decision in Continental Equities, Inc. v. Commissioner, 551 F.2d 74 (5th Cir. 1977). In that interval, the concept of Tax Court jurisdiction has been substantially refined. Concerning equitable recoupment in particular, the opinion by the Supreme Court in United States v. Dalm, 494 U.S. 596 (1990), which served as a catalyst for our own reevaluation of our position, was issued only in 1990.

Furthermore, since 1977 the Courts of Appeals have begun increasingly to acknowledge the difference between exercising equitable powers to take jurisdiction and applying equitable principles to decide matters within the Court's jurisdiction. For instance, a series of recent decisions has consistently affirmed on such basis Tax Court authority to reform written agreements and to apply equitable estoppel.  See Flight Attendants Against UAL Offset v. Commissioner, 165 F.3d 572, 578 (7th Cir. 1999); Kelley v. Commissioner, 45 F.3d 348, 351-352 (9th Cir. 1995), affg. T.C. Memo. 1990-158; Bokum v. Commissioner, supra at 1140-1141.  Given that the Court of Appeals for the Eleventh Circuit is among this group, we question the determinative value in that forum of the broad and summary language in Continental Equities, Inc. v. Commissioner, supra.

In particular, it is on the grounds of Bokum v. Commissioner, supra, that we cannot with confidence say that the Court of Appeals for the Eleventh Circuit would reject use of equitable recoupment in the case at bar.  In considering whether the Tax Court possessed authority to apply equitable estoppel, the Court of Appeals recognized the limited nature of this Court's jurisdiction but went on to find such authority for many of the same reasons cited in Estate of Branson v. Commissioner, supra, as supporting our use of equitable recoupment:

> The Commissioner correctly notes that the Supreme Court has held that "[t]he Tax Court is a court of

limited jurisdiction and lacks general equitable powers," Commissioner v. McCoy, 484 U.S. 3, 7, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987) * * * Taken in context, the Supreme Court's pronouncement means that the Tax Court has no equitable power to expand its statutorily prescribed jurisdiction.  This is quite distinct from saying that the Tax Court has no equitable powers in cases properly brought before it. * * *

  Although of limited jurisdiction, the Tax Court must have the power to consider an equitable estoppel claim, if considering the claim is necessary to the appropriate disposition of the case before it. * * *

  If the Tax Court lacked authority to entertain a claim of equitable estoppel, taxpayers with such a claim would no longer have a choice of fora for their tax issues.  They would effectively be forced to pay their taxes and sue for a refund, submitting all of their claims to the district courts.  Taxpayers would then be barred by res judicata from relitigating a claim in the Tax Court.  Thus, taxpayers would essentially be denied the right to challenge deficiencies in the Tax Court if they wanted to assert an equitable estoppel claim.  This would be an unfair choice to pose to taxpayers, and would undermine the purpose of the Tax Court.  We therefore conclude that the Tax Court did have jurisdiction over the Bokums' equitable estoppel claim.  [Bokum v. Commissioner, supra at 1140-1141; citations and fn. ref. omitted.]

Hence, since an identical unfairness with respect to choice of fora flows from a denial of authority to hear an equitable recoupment defense, we believe it unlikely that the Court of Appeals for the Eleventh Circuit would summarily reject petitioners' claim on the basis of Continental Equities, Inc. v. Commissioner, supra.  We therefore decline to do so.  In accordance with the precedent established by this Court in Estate of Branson v. Commissioner, supra, Estate of Bartels v.

<u>Commissioner</u>, <u>supra</u>, and <u>Estate of Mueller v. Commissioner</u>, <u>supra</u>, we hold that petitioners are entitled, under the doctrine of equitable recoupment, to offset their overpayment of estate tax against their income tax liabilities for 1981 and 1982.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.