# United States Tax Court

T.C. Memo. 2024-27

CHARLES SCOTT AND LINDER SCOTT,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17728-21.                      Filed March 7, 2024.

————

Charles Scott and Linder Scott, pro se.

*Jeremy H. Fetter* and *Milan H. Kim*, for respondent.


## MEMORANDUM OPINION

WEILER, *Judge*: Pursuant to section 6213(a)[1] petitioners, Charles and Linder Scott, seek redetermination of a $1,638 deficiency in federal income tax and a $328 accuracy-related penalty under section 6662 determined by the Internal Revenue Service for the 2018 taxable year. Respondent concedes that petitioners are not liable for the accuracy-related penalty. Pending before the Court is respondent's Motion for Summary Judgment (Motion) filed October 12, 2023. For the reasons below, we will grant respondent's Motion.

### Background

The following statements are drawn from the Petition and respondent's Motion and are stated only for purposes of resolving the

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times.

[*2] Motion. *See Cook v. Commissioner*, 115 T.C. 15, 16 (2000), *aff'd*, 269 F.3d 854 (7th Cir. 2001).

Mr. Scott was formerly a civilian employee for the United States Air Force in San Antonio, Texas, and retired in the 1990s. For the 2018 taxable year, Mr. Scott received a Civil Service Retirement System disability payment of $13,356. Receipt of this payment was confirmed by a Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued by the Office of Personnel Management to Mr. Scott for the 2018 tax year. Petitioners resided in Texas when they timely filed their Petition.

*Discussion*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing there is a genuine dispute for trial. Rule 121(d); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Gross income generally includes all income from whatever source derived, including annuities. I.R.C. § 61(a)(8). Petitioners do not dispute receipt of the disability payment reported on Form 1099–R, for the 2018 tax year. Rather, petitioners excluded this sum on their 2018 federal income tax return and contend that Mr. Scott's retirement payments do not constitute taxable income.

Section 104 is a provision of the Code which excludes certain forms of compensation for injuries or sickness from gross income. In pertinent part section 104(a)(4) excludes amounts received by a taxpayer as a pension, annuity, or similar allowance for personal injuries or sickness. However, the underlying injury or sickness must be attributable to active service in the armed forces, the Coast and Geodetic Survey, or the Public Health Service. *See* I.R.C. § 104(a)(4). Section 104(a)(4) also excludes amounts received as a disability annuity paid pursuant to section 808 of the Foreign Service Act of 1980.

**[\*3]**   This Court has previously found that federal civil service disability retirement payments constitute gross income where the taxpayer fails to otherwise demonstrate the applicability of an exclusionary provision of the Code, such as section 104. *See, e.g., Green v. Commissioner*, T.C. Memo. 2008-130, *aff'd per curiam*, 322 F. App'x 412 (5th Cir. 2009); *French v. Commissioner*, T.C. Memo. 1991-417, 1991 Tax Ct. Memo LEXIS 466, at \*4–5; *Flaherty v. Commissioner*, T.C. Memo. 1987-61, 1987 Tax Ct. Memo LEXIS 57, at \*6.

This is not the first time we have considered these petitioners' arguments. In a prior proceeding we ruled against these same petitioners, considered these same arguments, and ultimately determined that these disability payments to Mr. Scott are taxable, since we found no evidence to suggest that the payments at issue were attributable to an injury or sickness sustained through Mr. Scott's active service in the armed forces, the Coast and Geodetic Survey, or the Public Health Service. *See Scott v. Commissioner*, No. 3330-18 (T.C. Oct. 22, 2021) (No. 52).

Again, considering the evidence before us, we hold petitioners' argument to be without merit, and we will sustain the adjustment to income as determined in the notice of deficiency.

We take this opportunity to warn petitioners that the continued assertion of these same arguments, having now been considered twice by this Court, may result in a penalty of up to $25,000 under section 6673(a).

To reflect the foregoing,

*An appropriate order and decision will be entered.*