[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10944
Non-Argument Calendar

_____

U.S. TAX Court No. 15736-04

HAROLD B. ROTTE,

Plaintiff-Appellant,

versus

COMMISSIONER OF IRS,

Defendant-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(January 22, 2007)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Harold Rotte, proceeding pro se, appeals from the decision of the United States Tax Court finding him liable for a deficiency in income tax for the 2001 tax year in the amount of $2,457 and an addition to tax in the amount of $584.15 imposed as a result of Rotte's failure to file an income tax return for the 2001 tax year. On appeal, Rotte does not challenge the Tax Court's deficiency determination. Rather, he argues that he was subject to harassment and wrongful actions by the Internal Revenue Service without due process of law beginning in the 1980s. After reviewing the record and considering the parties' briefs, we discern no reversible error and affirm the judgment of the Tax Court.

We review the Tax Court's factual findings for clear error and its legal conclusions de novo. Estate of Whitt v. Comm'r of Internal Revenue, 751 F.2d 1548, 1556 (11th Cir. 1985). "The Commissioner's determination of a deficiency is presumed correct and the taxpayer has the burden of proving it incorrect." Taylor v. Comm'r of Internal Revenue, 771 F.2d 478, 479 (11th Cir. 1985).

The Sixteenth Amendment to the U.S. Constitution provides, in part, that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived." U.S. CONST. amend. XVI. The Internal Revenue Code ("IRC") imposes a tax on the taxable income of every individual who is a citizen or resident of the United States, with some exceptions not applicable to Rotte. 26 U.S.C. § 1(a)-(d); 26 C.F.R. § 1.1-1(a). Taxable income includes, but is not limited to,

2

"[c]ompensation for labor or personal services performed in the United States."

26 U.S.C. § 861(a)(3), (b). The IRC defines a taxpayer as "any person subject to

any internal revenue tax," and a "person" includes an individual. 26 U.S.C.

§ 7701(a)(1), (14). Every individual except those specifically excluded, primarily

those whose earnings were less than a specified amount, is required to file an

income tax return. 26 U.S.C. § 6012; United States v. Pilcher, 672 F.2d 875, 877

(11th Cir. 1982). A wage-earner who does not fall under one of the statutory

exceptions is subject to both civil penalties and criminal prosecution if he does not

file a proper income tax return and pay any taxes he owes. See, e.g., 26 U.S.C.

§ 6651 (imposing monetary penalties for failing to file a tax return or pay taxes);

26 U.S.C. § 6654 (same if a taxpayer whose employer does not withhold taxes fails

to pay estimated taxes over the course of the tax year); 26 U.S.C. § 7201

(providing that it is a felony to attempt to evade the payment of taxes).

Section 6214(b) of the IRC provides that the Tax Court is jurisdictionally

limited to reviewing only those matters pertaining to the tax years that are the

subject of the notice of deficiency. See 26 U.S.C. § 6214(b). The Tax Court "shall

have no jurisdiction to determine whether or not the tax for any other year or

calendar quarter has been overpaid or underpaid." Id.; see Estate of Mueller v.

Commissioner, 153 F.3d 302, 305 (6th Cir. 1998) (concluding that "§ 6214(b)

3

makes it abundantly clear that the Tax Court's jurisdiction extends no further than the amount of the deficiency before it").

On appeal, Rotte does not challenge the validity of the Tax Court's determination of the amount of his income tax deficiency ($2,457) for tax year 2001. Nor does Rotte challenge the validity of the Tax Court's determination of the addition to tax ($584.15) he owes for failing to file an income tax return for tax year 2001. Accordingly, he has abandoned any such arguments on appeal. See Allison v. McGhan Medical Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned."). Instead, Rotte alleges that he suffered harassment at the hands of the IRS during the 1980s and 1990s. Because Rotte's allegations of harassment have no bearing on the determination of the income tax deficiency or addition to tax for the 2001 tax year—the sole tax year at issue in the IRS's notice of deficiency, and the sole tax year at issue in Rotte's petition for redetermination in the Tax Court—any such allegations were beyond the scope of the Tax Court's jurisdiction under § 6214(b) of the IRC. See Estate of Mueller, 153 F.3d at 305.

The record demonstrates that the Tax Court correctly entered a final decision in favor of the Commissioner because Rotte did not meet his burden to establish that the Commissioner's deficiency determination was incorrect. See Taylor, 771 F.2d at 479. Accordingly, the Tax Court did not clearly err in finding that Rotte

4

was liable for a deficiency in federal income tax of $2,457 and an addition to tax of $584.15.  Accordingly, the judgment of the Tax Court is

**AFFIRMED.**