T.C. Memo. 2009-37

UNITED STATES TAX COURT

CAROL WHALEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10930-07.                    Filed February 17, 2009.

<u>Richard L. Hunn</u>, <u>Stephen A. Kuntz</u>, <u>Jonathan D. Mishkin</u>, and <u>Joseph C. Sleeth, Jr.</u>, for petitioner.

<u>Randall G. Durfee</u> and <u>Gordon Sanz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and additions to tax with respect to petitioner's Federal income taxes as follows:

|        |            | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|--------|------------|-----------------|-----------------|-----------|
| 2003 | $180,424 | $36,627.97 | $26,046.56 | $4,149.93 |
| 2004 | 621,488 | 139,834.80 | 62,148.80 | 17,809.35 |

Respondent has conceded all deficiencies and additions to tax for both years; respondent also concedes that petitioner is entitled to a refund in the amount of $17,633 for 2003. The issue that remains for decision is whether petitioner is entitled to a credit and refund of, or otherwise to recover or recoup, $258,328 paid in 2004. Unless otherwise indicated, all chapter and section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time her petition was filed.

In 2001, petitioner and John Clifford Baxter (Baxter) were wife and husband and domiciled in Texas, a community property jurisdiction. Baxter was an employee of Enron Corp. (Enron). Baxter died in January 2002, and petitioner became executrix of his estate. The estate was in administration for the rest of 2002 and throughout 2003 and 2004. As surviving spouse, petitioner completed a joint Form 1040, U.S. Individual Income Tax Return, for 2001 that was filed on August 9, 2002. She reported as income Baxter's wages as listed on Form W-2, Wage and Tax Statement, and his nonemployee compensation as listed on Form

1099-MISC, Miscellaneous Income, both forms having been sent to her by Enron.

The Internal Revenue Service (IRS) audited Enron with respect to its 2001 employment taxes. As a result of the Enron audit, the IRS determined that income reported as non-employee compensation to some of its employees, including Baxter, was in fact wages and should have been subject to employment taxes and withholding. Enron and the IRS entered into a settlement, and, on November 18, 2004, Enron remitted to the IRS a check for the full amount of the employment taxes and income tax withholding due.

After making the payment, Enron sent to Baxter's estate a Form W-2c, Corrected Wage and Tax Statement, and a corrected Form 1099-MISC for Baxter for 2001. These forms reflected the recharacterized wage income and Federal taxes, as well as additional wage income, reported with respect to Baxter's compensation. Enron also notified Baxter's estate that it had remitted $516,657.16 in income tax withholding on behalf of Baxter and requested reimbursement for this additional tax. On December 30, 2004, petitioner reimbursed Enron for the entire withholding tax amount.

Around the same time as the Enron audit, the IRS also audited petitioner's 2001 joint tax return. On June 3, 2005, the IRS sent petitioner and Baxter's estate a notice of deficiency

for 2001 in which the IRS reclassified Baxter's non-employee compensation as additional wage income. This amount correlated with the Enron audit and settlement. The IRS, however, did not allow a credit for the additional income tax withholding of $516,657.16. In the notice, the IRS also determined other unreported income that ultimately resulted in a deficiency of $215,756. Neither petitioner nor Baxter's estate disputed the notice of deficiency for 2001, and, in January 2006, they paid the balance due of $243,735.10 (consisting of the deficiency of $215,756, interest of $42,308.31, and a penalty for failure to pay tax of $1,994.32, less a credit for overpayment of $16,323.53).

Petitioner did not timely file an income tax return for 2003 or 2004, and the IRS prepared substitute for returns for her. On February 20, 2007, the IRS sent petitioner notices of deficiency for 2003 and 2004. The items that caused the 2003 and 2004 deficiencies, mostly unreported capital gains and dividends, were unrelated to those that caused the 2001 deficiency. Petitioner then filed Federal income tax returns for 2003 and 2004, as well as the petition for this case with respect to both notices of deficiency for those years. On her 2004 tax return, petitioner claimed a credit of $258,328 as her community one-half interest in the $516,657 of income tax withholding remitted by Enron to the IRS during 2004, and she claimed a resulting overpayment of

$258,328. The IRS accepted as filed and agreed with petitioner's 2003 and 2004 Federal income tax returns with one exception: the IRS disallowed the $258,328 credit for income tax withholding claimed on petitioner's 2004 return.

## OPINION

It is undisputed that the Government collected tax on the wage income in issue twice: once from Enron pursuant to section 3402 and again from petitioner when her 2001 joint return was filed and her portion of the amount in the notice of deficiency for 2001 was paid. Because petitioner reimbursed Enron, petitioner personally paid the amount of the tax twice while Enron broke even. Petitioner asserts that she has been unfairly double taxed and seeks to recover $258,328.

Respondent counters that, at the time she made the payment to Enron in 2004, petitioner had many options: (1) She could have refused to pay Enron (However, had petitioner not reimbursed Enron in 2004, Enron's payment of the taxes might have been additional income to her. See Old Colony Trust Co. v. Commissioner, 279 U.S. 716 (1929).); (2) she could have provided to Enron a Form 4669, Statement of Payments Received, attesting to the fact that some or all of the income, in respect of which Enron made the payment, had already been reported on the joint 2001 tax return and the tax paid; (3) protective refund claims for the year 2001 could have been filed; or (4) the notice of

deficiency for the year 2001 could have been contested in this Court. Respondent stresses that none of these possible courses of action was taken. We must decide only whether petitioner has a remedy in this case.

Petitioner first argues that the tax Enron paid on Baxter's behalf is, in essence, withholding tax for which she is entitled to a credit. An employer is required to withhold Federal income tax from the wages of its employees. Sec. 3402(a). Employees, as recipients of the income being taxed, are allowed a credit for the amount withheld by their employer and can apply it to their tax due (section 31 credit). Sec. 31(a). Petitioner, relying on a novel interpretation of section 31(a), contends that she is entitled to her community one-half share of a section 31 credit for 2004, even though the income that was taxed was earned by Baxter in 2001. Petitioner ultimately argues that the section 31 credit gives her an overpayment for 2004 and a refund due of $258,328. Respondent contends that petitioner is attempting to recast the payment made by Enron into withholding for the year 2004, thus avoiding the legal consequences that would occur if the payment were attributed to 2001.

Petitioner seeks this relief with respect to her 2004 notice of deficiency. Under sections 6213(a) and 6214(a), we have jurisdiction to redetermine a deficiency "without regard to the credit under section 31". Sec. 6211(b)(1); see <u>Redcay v.</u>

Commissioner, 12 T.C. 806, 809-810 (1949). Before trial, respondent had accepted petitioner's 2004 Federal income tax return and concluded that petitioner had no remaining deficiency for 2004. Petitioner is, however, properly before us with respect to her 2004 notice of deficiency.

We also have jurisdiction to determine the amount of an overpayment in a related deficiency proceeding. See sec. 6512; Greene-Thapedi v. Commissioner, 126 T.C. 1, 9-10 (2006).

> [I]f the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. * * * [Sec. 6512(b)(1); emphasis added.]

Having established that there is no deficiency for 2004, we can consider using the section 31 credit to determine an overpayment if: (1) The tax Enron paid can be characterized as withholding tax that results in the credit; (2) petitioner is the proper recipient of the credit; and (3) the credit applies to the same taxable year as the 2004 deficiency. If all conditions are satisfied, the section 31 credit would result in an overpayment of $258,328. See secs. 31(a), 6401(b)(1), 6512(b).

In considering the first condition, the Enron payment is the equivalent of withholding tax made on behalf of Baxter. Respondent collected the tax pursuant to chapter 24, subchapter A (entitled "Withholding from Wages"), section 3402(a) (entitled

"Requirement of Withholding"). Even though the wages were earned in 2001 and no actual act of withholding occurred during that year, respondent could not have had authority to collect the tax from Enron unless it was deemed subject to "withholding".

While we agree with respondent that the tax liability of an employer under sections 3403 and 7501 is independent of the liability imposed on an employee under section 1, we also agree with petitioner that these two liabilities are for the same income tax. When the withholding tax was originally enacted, representatives of the 78th Congress stated that it was "not an additional tax--merely a collection device." H. Doc. 237, 78th Cong., 1st Sess. 5 (1943); accord Baral v. United States, 528 U.S. 431, 436 (2000) ("Withholding and estimated tax remittances are not taxes in their own right, but methods for collecting the income tax"); cf. sec. 3402(d) (relieving the employer of liability for the tax if it is paid directly by the employee). To conclude that withholding tax is a separate tax invites the possibility of an employee's income being taxed twice. The Enron payment therefore could plausibly be characterized as withholding tax under chapter 24 with a corresponding section 31 credit being allowed to a proper recipient for an appropriate year. Sec. 31(a)(1).

Regarding the second condition, the recipient of the section 31 credit is the person subject to the income tax imposed

upon the wages from which the tax was withheld.  Sec. 1.31-1(a),
Income Tax Regs.  However, if a husband and wife domiciled in a
community property State make separate returns and, for income
tax purposes, each reports one-half of the wages received by the
income-producing spouse, then each spouse is entitled to one-half
of the credit allowable for the tax withheld.  Id.; see Porter v.
Commissioner, T.C. Memo. 1996-475.  Petitioner filed separately
from Baxter's estate in 2004.  Respondent, assuming the credit
could be available only for 2001, failed to argue at trial or on
brief that petitioner is not a proper recipient.  Petitioner is
considered a proper recipient of a one-half share of the credit.

The final condition is that 2004 be the proper year that the
section 31 credit would be allowed.  Petitioner interprets
section 31(a) as affording her the credit in 2004.  When
interpreting a statute, we must begin with "the language of the
statute itself."  Consumer Prod. Safety Commn. v. GTE Sylvania,
Inc., 447 U.S. 102, 108 (1980); see La. Credit Union League v.
United States, 693 F.2d 525, 541 (5th Cir. 1982).  Section 31(a)
provides:

> SEC. 31.  TAX WITHHELD ON WAGES.
>
> (a)  Wage Withholding for Income Tax Purposes.--
>
> (1) In general.--The amount withheld as tax
> under chapter 24 shall be allowed to the recipient
> of the income as a credit against the tax imposed
> by this subtitle.

>    (2) Year of credit.--<u>The amount so withheld
> during any calendar year</u> shall be allowed as a
> credit for the taxable year beginning in such
> calendar year.  If more than one taxable year
> begins in a calendar year, such amount shall be
> allowed as a credit for the last taxable year so
> beginning.  [Emphasis added.]

The words of the statute must be construed in their "ordinary, everyday", and plain meaning.  <u>Crane v. Commissioner</u>, 331 U.S. 1, 6 (1947).  Petitioner contends it is clear that the phrase "The amount so withheld during any calendar year" entitles her to the credit in 2004 because 2004 was the calendar year that Enron withheld and remitted the additional income tax.  Respondent, on the other hand, argues that this section means that the credit is allowed to petitioner, if at all, for 2001, the year in which the income was earned.  We agree with respondent.

Petitioner is under the impression that the income tax withheld for 2001 is somehow independent of the income tax imposed in 2001.  As discussed <u>supra</u>, withholding tax is not a separate tax but an alternate method of collecting a single income tax.  The tax paid by Enron was the income tax for 2001.  The fact that the tax is constructively withheld does not change this; the tax is considered withheld for petitioner's 2001 income tax.  It is irrelevant that the withholding tax/income tax of 2001 was actually paid in 2004.  Cf. <u>Baral v. United States</u>, <u>supra</u> at 435-437 (holding that remittances of withholding tax

described in section 6513(b)(1) are considered "paid" on the due date of a calendar year taxpayer's income tax return, rather than on the date that a tax liability was assessed). Therefore, petitioner is properly denied the use of the section 31 credit to determine an overpayment for 2004.

Petitioner alternatively argues that she should recover or recoup $258,328 on principles of equity. Specifically, she contends that the Government is unjustly enriched by double taxation and that this Court should determine either that petitioner's funds are being held in constructive trust or that her funds may be equitably recouped.

With respect to these equity arguments, we must first acknowledge that our jurisdiction is limited to the extent authorized by Congress. See sec. 7442; Fernandez v. Commissioner, 114 T.C. 324, 328 (2000). As an Article I court, we cannot exercise general equitable powers to expand our jurisdiction over a matter not provided for by statute. Woods v. Commissioner, 92 T.C. 776, 785, 787 (1989). But cf. Commissioner v. McCoy, 484 U.S. 3, 7 (1987) ("The Tax Court is a court of limited jurisdiction and lacks general equitable powers."). Nonetheless, we have applied numerous equitable principles to decide matters over which we do have jurisdiction. See Woods v. Commissioner, supra at 784, 787 (listing equity-based principles incorporated by the Tax Court in dispositions of cases, such as

waiver, duty of consistency, estoppel, substantial compliance, abuse of discretion, laches, and the tax benefit rule).

Constructive trust allows a plaintiff to seek restitution "where money * * * identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds * * * in the defendant's possession." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002). "A court of equity could then order a defendant to transfer title * * * to a plaintiff who was, in the eyes of equity, the true owner." Id. Petitioner argues that respondent was unjustly enriched by the tax paid by Enron with respect to Baxter's income on his behalf. She therefore contends that these funds should be determined to have been held in constructive trust by respondent and returned to her.

Without getting into a myriad of concerns as to whether (and how) constructive trust should be applied, we recognize that we do not have jurisdiction to rule on this issue. Petitioner received a 2001 notice of deficiency that gave her standing to petition this Court regarding her income for that year being taxed twice. She did not pursue this course but, instead, petitioned this Court with respect to her 2003 and 2004 notices of deficiency, in which the funds petitioner wishes to recover are not involved. Because the "double payment of tax" issue has no relation to the notices of deficiency properly before us, we

do not have jurisdiction and cannot apply constructive trust without exceeding our jurisdiction.

On the other hand, we do have specific jurisdiction with respect to petitioner's argument to recoup $258,328 through the judicially created doctrine of equitable recoupment. Sec. 6214(b); see Menard, Inc. v. Commissioner, 130 T.C. 54, 64 (2008) (clarifying that section 6214(b) permits the Tax Court to use equitable recoupment to the same extent that is available in civil tax cases before the District Courts of the United States and the U.S. Court of Federal Claims). Respondent argues on brief that petitioner failed to specifically plead equitable recoupment.

Respondent is correct in that petitioner should have abided by the Rules of this Court and amended her petition to plead equitable recoupment. See Rule 39. We need not consider special matters constituting an avoidance or affirmative defense not properly raised. See Mecom v. Commissioner, 101 T.C. 374, 382 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994). Nevertheless, we will entertain petitioner's equitable relief argument for the following reason: respondent did not object when petitioner first raised equitable recoupment in her pretrial memorandum and later at trial and on brief. Respondent therefore had notice of petitioner's argument of equitable recoupment before trial, had opportunity to present evidence

opposing it at trial, and argued the issue on brief.  When an issue is tried by implied consent of the parties, it is treated as if it had been raised in the pleadings.  Rule 41(b).  The argument whether to apply equitable recoupment is properly before us.

Equitable recoupment resolves the discrepancy caused by two inconsistent tax treatments of a single item affecting a taxpayer in two separate years--one treatment being found erroneous in a closed year while the other is deemed correct in an open year. See generally Bull v. United States, 295 U.S. 247, 259-263 (1935).  If certain requirements are satisfied, equitable recoupment may be used as an affirmative defense that allows a taxpayer to recover a tax overpayment, which occurred in a time-barred year, by using it to offset a current deficiency.  Id.; Menard, Inc. v. Commissioner, supra at 62.  (The Government can also use equitable recoupment as a means to offset a taxpayer's refund with a time-barred deficiency in taxes.  Bull v. United States, supra at 262.)  By waiving the statute of limitations with respect to the taxpayer's overpayment, equitable recoupment prevents an unfair windfall to the Government that would otherwise result from these inconsistent tax treatments.  See Estate of Mueller v. Commissioner, 101 T.C. 551, 552 (1993).

A taxpayer's use of equitable recoupment is limited to defending against the Government's valid claim for additional tax

by reducing or eliminating it.  <u>Estate of Mueller v.
Commissioner</u>, 107 T.C. 189, 198 (1996), affd. on other grounds
153 F.3d 302 (6th Cir. 1998).  (The limitation we imposed in
<u>Estate of Mueller</u>, confining equitable recoupment to defensive
uses, was not derived from any restrictions regarding our own
equitable powers but, instead, drawn from the body of existing
caselaw that had developed in refund litigation.)  However, once
a taxpayer's time-barred overpayment completely eliminates the
current deficiency, equitable recoupment has served its
restricted defensive purpose.  <u>Id.</u>  Equitable recoupment cannot
be used affirmatively to recover a tax overpayment, the refund of
which is barred by the statute of limitations.  <u>Id.</u>  Where the
Government claims that the taxpayer owes additional tax and the
Court finds that there is no tax due to the Government, there is
nothing left to defend against.  <u>Id.</u>

As a result of respondent's concessions, there is no tax due
regarding the 2003 and 2004 deficiencies that are before us.
Equitable recoupment, therefore, has no application in this case.
Petitioner cannot use equitable recoupment only for the purpose
of procuring her overpayment made with respect to 2001, as that
expands the application of equitable recoupment beyond what any
court has ever done.  See <u>id.</u>  Thus, we do not address the
requirements of equitable recoupment or whether they have been
satisfied.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.