Hat,pern, J., concurring: I concur with the results reached by the majority with respect to all of the issues. I write separately, however, to express my disagreement with the majority’s failure to hold, in deciding the section 31 credit issue, that, even if VarTec, in a later year, paid the nonwithheld taxes associated with the 1999 exercise, petitioner, as a matter of law, would not be entitled to a section 31(a) credit for that payment. I. Introduction Petitioner’s sole argument is that he is entitled to a section 31(a) credit against his 1999 tax liability for VarTec’s 2004 or 2005 payment of nonwithheld taxes associated with the 1999 exercise. Respondent argues that (1) VarTec did not make the alleged payment, and (2) as a matter of law, any such payment would not entitle petitioner to a section 31(a) credit. The majority holds that petitioner’s argument fails because a preponderance of the evidence does not support the existence of such a payment. I would also hold that petitioner’s argument fails because, as respondent argues, any such payment would not, as a matter of law, entitle him to a section 31(a) credit. Moreover, I would make the latter holding the principal holding in the case. The majority would postpone addressing the legal issue until we are “presented with a case in which the IRS proposes to collect a party’s liability that has been paid by another person.”[1] See op. Ct. p. 242. It further cautions: “Our silence on the [legal] issue should not be construed as our agreement with either party’s argument.” See id. p. 242. The majority leaves open the possibility that, on the basis of our decision in Whalen v. Commissioner, T.C. Memo. 2009-37, employees will be encouraged to argue (as did petitioner) that an employee whose employer failed to withhold taxes during a particular taxable year is entitled to a section 31(a) credit for the employer’s payment in a subsequent taxable year of the non-withheld taxes.[2] The majority notes that “Whalen was a deficiency case, not a collection case”, thus implying that the case is somehow distinguishable and, therefore, that the majority’s postponement in deciding the legal issue would not encourage employees to advance an argument similar to that advanced by petitioner. I would submit that an employer’s payment of a prior year’s nonwithheld taxes either is or is not creditable by the employee under section 31(a), regardless of the context in which that issue arises. For the reasons set forth below, I believe the law is clear that an employer’s (or former employer’s) payment to the Internal Revenue Service (irs) of taxes that should have been, but were not, withheld in a prior year does not entitle the employee to a section 31(a) credit for that payment. Under those circumstances we have a duty not to mislead taxpayers by perpetuating a case, Whalen, that may very well encourage needless litigation. Therefore, we should hold, in the alternative, that, as a matter of law, the VarTec payment alleged by petitioner, even if proven, would not entitle him to a section 31(a) credit therefor.[3] II. Section 31 Credit Issue A. Background Section 3402(a) requires the withholding of income tax on wages. Section 3401(a) defines “wages” generally as “remuneration * * * for services performed by an employee for his employer”. The medium in which the remuneration is paid is immaterial and may include stock. Sec. 31.3401(a)-l(a)(4), Employment Tax Regs. Moreover, remuneration for services constitutes wages even though paid after the recipient’s employment relationship with the employer has ended. Otte v. United States, 419 U.S. 43, 49-50 (1974) (“a continuing employment relationship is not a prerequisite for a payment’s qualification as ‘wages.’”); sec. 31.3401(a)-1(a)(5), Employment Tax Regs, (to the same effect as Otte and relied on by the U.S. Supreme Court therein). The option proceeds constituted wages subject to withholding of income tax, even though petitioner received them after having left Excel’s employ. Petitioner concedes that “neither Excel or Paine Webber withheld taxes on his behalf in 1999.” Nevertheless, he argues that VarTec’s alleged 2004 or 2005 payment of those nonwithheld taxes entitles him to a corresponding credit for 1999 under section 31(a) and section 1.31-l(a), Income Tax Regs. Petitioner is mistaken. B. Section 3403 Imposes an Independent Liability Upon Employers for Failure To Withhold Taxes. In its entirety, section 3403 provides: “The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter [chapter 24, sections 3401-3406], and shall not be liable to any person for the amount of any such payment.” Section 31.3403-1, Employment Tax Regs., which implements section 3403, emphasizes that employers “required to deduct and withhold * * * tax under section 3402” are liable, under section 3403, “for the payment of such tax whether or not it is collected from the employee by the employer.” Thus, the employer’s tax liability under section 3403 is independent of the employee’s liability under sections 1 and 61(a)(1) to pay tax on the same wages. See Whalen v. Commissioner, T.C. Memo. 2009-37. The employer’s section 3403 liability for nonwithheld taxes can be abated, however, if the employer shows that the employee paid the taxes in question. Sec. 3402(d).[4] There is no equivalent general abatement or credit provision applicable to employees.[5] Thus, an employee’s liability for income taxes is not subject to abatement or credit under section 31(a) merely because the employee proves that the employer paid the tax he had previously failed to withhold. See sec. 3403.[6] There is an exception, however, in the limited circumstances wherein the employer pays the employee’s taxes that the employer did not timely withhold and the employee reimburses him under the correction and settlement procedures adopted by the regulations under section 6205 (discussed infra section II.C. of this concurring opinion). Absent satisfaction of that exception, employer payments of nonwithheld taxes under section 3403 do not constitute payments of taxes that have “actually been withheld at the source” as required by section 1.31-l(a), Income Tax Regs. Therefore, such payments are not creditable by the employee under section 31(a) (discussed infra section II.D. of this concurring opinion). C. Section 6205(a)(1) and the Regulations Governing Corrections of Prior Underwithholdings In relevant part, section 6205(a)(1) provides: If less than the correct amount of tax imposed by section * * * 3402 is paid with respect to any payment of wages or compensation, proper adjustments, with respect to both the tax and the amount to be deducted, shall be made, without interest, in such manner and at such times as the Secretary may by regulations prescribe. The fact that an employer may make “proper adjustments, with respect to both the tax and the amount to be deducted [from employee wages]” on an interest-free basis incentivizes employers to make voluntary corrections of employment tax returns reflecting underwithholdings. The regulations under section 6205(a)(1) permit an employer to correct an underwithholding of income tax (on an interest-free basis) on a supplemental return filed as late as “the last day on which the return is required to be filed for the return period in which the error was acertained.” Sec. 31.6205-l(c)(2)(i), Employment Tax Regs.[7] Moreover, audit adjustments resulting from employment tax audits alleging income tax underwithholding may be paid, interest free, by the employer after the conclusion of the audit and appeals process, provided the payment is accompanied by a signed Form 2504, Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment, and is made before the employer receives a notice and demand for payment. Sec. 31.6205-l(a)(6)(i), Employment Tax Regs, (as amended in 2001); Rev. Rui. 2009-39, Situation 9, 2009-52 I.R.B. 951, 956 (obsoleting Rev. Rul. 75-464, Situation 2, 1975-2 C.B. 474, 475, to the same effect). When the employer corrects an underwithholding of income tax and pays amounts pursuant to section 3403, the section 6205 regulations restrict the situations in which the employer is entitled to employee reimbursements. In general, an employer is permitted to collect income tax withholding shortfalls from its employees if it collects the underwithheld amount within the same calendar year as the underwith-holding “by deducting such amount from remuneration of the employee, if any, under * * * [the employer’s] control [whether or not the remuneration constitutes wages].” Sec. 31.6205 — 1(c)(4), Employment Tax Regs. Undercollections in a calendar year not so corrected are “a matter for settlement between the employee and the employer within such calendar year.” Id. I interpret that last provision to cover situations in which the employer is unable to deduct the requisite amount from employee remuneration before yearend; e.g., because the employee is entitled to too little or to no additional remuneration from the employer before then. It is not clear whether “settlement” before yearend means actual payment before yearend by the employee or execution before yearend of a binding obligation to pay after yearend; e.g., where the employee has insufficient funds to pay by yearend. Moreover, it is not clear whether such a binding obligation must be in the form of a debt instrument either bearing arm’s-length interest, or, if no (or too little) interest is provided for, governed by the interest imputation rules of section 7872. There is no need to opine on those issues because none of the circumstances described in section 31.6205-1(c)(4), Employment Tax Regs., is present in this case.[8] D. Application of the Section 31(a) Credit Section 31(a)(1) provides to every employee a credit against the employee’s income tax obligation with respect to his or her wages for “[t]he amount withheld as tax under chapter 24 [sections 3401-3406]”. Section 1.31-l(a), Income Tax Regs., limits the credit to “[t]he tax deducted and withheld at the source upon wages under chapter 24 of the Internal Revenue Code”. That regulation further provides: “If the tax has actually been withheld at the source, credit or refund shall be made to the recipient of the income even though such tax has not been paid over to the Government by the employer.” It is clear from that language that an employee’s right to a section 31(a) credit for employer income tax withholding is dependent on a finding that the tax has “actually been withheld” by the employer. The requisite actual withholding would occur only if the employer (1) withholds the required amounts from its wage payments to the employee pursuant to section 3402 or (2) corrects its failure to withhold the required amount, pursuant to section 6205 and the regulations thereunder, and recoups (or “settles”) from the employee its payment of the underwithholding during the calendar year in which the underwithholding occurred as permitted by section 31.6205~l(c)(4), Employment Tax Regs. Only under those circumstances, not present herein, is it reasonable to conclude that there has been actual withholding by the employer (i.e., “at the source”). Therefore, any assumed 2004 or 2005 payment of taxes that should have been withheld from the proceeds of petitioner’s 1999 option exercises does not constitute an “amount withheld as tax under chapter 24” under section 31(a); likewise, it does not constitute “tax deducted and withheld at the source” as required by section 1.31-l(a), Income Tax Regs.[9] Permitting an employee to automatically claim a section 31(a) credit for any employer payment of tax pursuant to section 3403 would benefit equally employees who paid taxes on their wage income (whether or not withheld and reported on a Form W-2, Wage and Tax Statement) and employees, such as petitioner, who never paid taxes on that income, thereby unjustly enriching the latter. Moreover, such a result would open the door to unwarranted tax planning arrangements designed to frustrate the Commissioner’s right to collect interest and additions to tax or penalties on late payments or underpayments of tax pursuant to sections 6601, 6651(a)(2), and 6654. For example, employees who have purposely underpaid their taxes on wage income and had their returns audited and been assessed significant deficiencies and interest (not unlike petitioner) would have the procedural ability to persuade their employers (or former employers) to voluntarily and retroactively pay those payroll taxes under the interest-free adjustment procedures of section 31.6205-l(c), Employment Tax Regs., by agreeing to reimburse the employer (or former employer) in full, thus enabling the employees to use the section 31(a) credit to effectively erase their liability for interest and, perhaps, additions to tax and penalties with respect to the deficiencies. [10] Where the employer has made a payment under section 3403 in a year after the year of underwithholding, the Commissioner should be permitted to collect the appropriate interest and additions to tax from the employee even though the Commissioner may be required to refund the tax amount to the employer pursuant to section 3402(d). Petitioner’s arguments to the contrary are not persuasive. His basic argument, that so-called constructive withholding satisfies the requirements of section 31(a) and that, under Whalen v. Commissioner, T.C. Memo. 2009-37, VarTec’s 2004 or 2005 payment of nonwithheld taxes in bankruptcy constituted a constructive withholding of those taxes flies in the face of the specific requirement in section 1.31-l(a), Income Tax Regs., that availability of the credit be limited to tax that “has actually been withheld at the source”. It is also inconsistent with the U.S. Supreme Court’s description of withholding in Begier v. IRS, 496 U.S. 53 (1990), which petitioner cites as supportive of his position. In Begier, a case in which a trustee in bankruptcy unsuccessfully disputed the defendant’s right to retain the debtor’s prepetition payments to it of withheld taxes, the Court stated, in pertinent part: Section 3402(a)(1) requires that “every employer making payment of wages shall deduct and withhold upon such wages [the employee’s federal income tax].” (Emphasis added.) Withholding thus occurs at the time of payment to the employee of his net wages. * * * The common meaning of “withholding” supports our interpretation. See Webster’s Third New International Dictionary 2627 (1981) (defining “withholding” to mean “the act or procedure of deducting a tax payment from income at the source”) (emphasis added). \Id. at 60-61.] III. Conclusion Assuming that Excel or VarTec paid all or a portion of petitioner’s outstanding, self-assessed liability with respect to his income from the 1999 exercise, he would not be entitled to a credit under section 31(a)(1) for that payment, and we should say so.[11] Holmes, J., agrees with this concurring opinion. The above-quoted language implies that an employer’s payment of nonwithheld taxes attributable to a prior year may constitute a payment of the employee’s tax liability. As discussed infra, such a payment discharges the employer’s, not the employee’s, tax obligation. See infra sec. II.B. and C. The majority seems to not share this concern, describing as obiter dictum our suggestion in Whalen v. Commissioner, T.C. Memo. 2009-37, that an employer’s subsequent-year payment to the Internal Revenue Service (IRS) of taxes that should have been withheld in a prior year “could plausibly be characterized as withholding” eligible for the sec. 31(a) credit. See op. Ct. p. 242. In Whalen, we went on to state, however, that the employer’s delinquent payment in 2004 of the amount it failed to withhold in 2001 could not properly be credited to the taxpayer employee for 2004 because “the tax is considered withheld [by the employer] for * * * [the taxpayer’s] 2001 income tax.” “Therefore,” we added, “[the taxpayer] is properly denied the use of the section 31 credit to determine an overpayment for 2004.” In other words, in addition to the earlier statement that it was “plausible” to characterize the employer’s 2004 payment as withholding for 2001, we denied the taxpayer a 2004 sec. 31 credit because we considered the payment as withheld for 2001. We went beyond (1) granting that one could plausibly argue for constructive withholding to (2) adopting constructive withholding for 2001 as the reason we denied the taxpayer a withholding credit for 2004. It is difficult to dismiss our reasoned analysis of why the taxpayer lost as merely “something said in passing”; i.e., “obiter dictum”. Black’s Law Dictionary 1177 (9th ed. 1999) (“Latin ‘something said in passing" * * * ‘Often shortened to dictum’ ”). Petitioner did not unreasonably attach more weight to it than that. The fact that this case can be disposed of on the basis of our finding no payment would not make a holding with respect to sec, 31(a) creditability dictum. The U.S. Supreme Court announced the pertinent principle over 100 years ago in Union Pac. R.R. v. Mason City & Fort Dodge R.R., 199 U.S. 160, 166 (1905): Whenever a question fairly arises in the course of a trial, and there is a distinct decision of that question, the ruling of the court in respect thereto can, in no just sense, be called mere dictum. Railroad Companies v. Schutte, 103 U.S. 118, in which this court said (p. 143): “It cannot be said that a case is not authority on one point because, although that point was properly presented and decided in the regular course of the consideration of the cause, something else was found in the end which disposed of the whole matter. Here the precise question was properly presented, fully argued, and elaborately considered in the opinion. The decision on this question was as much a part of the judgment of the court as was that on any other of the several matters on which the case as a whole depended.” In pertinent part, sec. 3402(d) provides: If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer * * *. Sec. 3402(d) would appear to represent congressional anticipation of our concern in Whalen v. Commissioner, T.C. Memo. 2009-37, wherein we observed: “To conclude that withholding tax is a separate tax invites the possibility of an employee’s income being taxed twice.” There is, of course, only one tax, but there are two separate and independent collection mechanisms: from the employer pursuant to sec. 3402 or sec. 3403 and from the employee on the basis of, generally, secs. 1, 61(a)(1), 6151(a), and 6155. A limited exception to that observation, inapplicable herein, is provided by sec. 4999(c) with respect to an employer’s excess golden parachute payments to an employee. The effect of that provision is to require the employer to treat its payment of the 20% excise tax applicable to such payments as additional income tax withholding. That treatment assures the employee of a sec. 31(a) credit for the employer’s payment and, in effect, prohibits the Commissioner from looking to him for payment of that tax with respect to the same excess parachute payment. As a practical matter, sec. 3402(d) may discourage the Commissioner from pursuing the employee for taxes previously collected from the employer because that provision would permit the employer to recoup its payment to the extent it can show that the same tax amount was collected from the employee. Except as otherwise noted, the sec. 6205 regulations cited throughout this concurring opinion were in effect in 1999 and during the period of the Excel audit and appeal and the Teleglobe and VarTec bankruptcies. The regulations are superseded by regulations finalized on July 1, 2008, T.D. 9405, 2008-32 I.R.B. 293, which apply to “any error acertained on or after January 1, 2009”, id. The 2008 regulations do not change, in any material respect, the prior regulations cited herein. It is only during the limited period in which an employer may seek reimbursement from an employee for the amount of the former’s underwithholding corrections that a failure to do so will result in debt forgiveness income to the employee -under sec. 61(a)(12). Employer underwith-holding corrections after the expiration of that period, because they do not give rise to a right of reimbursement from the employee, do not discharge any debt that could result in debt forgiveness income to the employee. Moreover, because all underwithholding corrections by an employer pursuant to sec. 3403 discharge the employer’s, rather than the employee’s, tax obligation, Old Colony Trust v. Commissioner, 279 U.S. 716 (1929) (payment by an employer of an employee’s income tax obligation in consideration of the employee’s services performed on behalf of the employer constitutes income to the employee), is inapplicable thereto. I recognize that conclusion is inconsistent with our observation in Whalen v. Commissioner, T.C. Memo. 2009-37, that such a payment “could plausibly be characterized as withholding tax under chapter 24 with a corresponding section 31 credit being allowed to a proper recipient for an appropriate year.” But it is the argument of this section II.D. that the payment in Whalen could not have been creditable under sec. 31(a) for any year. By treating VarTec’s assumed 2004 or 2005 payment in partial discharge of the Commissioner’s proof of claim in the VarTec bankruptcy as withholding tax associated with petitioner’s 1999 exercise (i.e., as “tax actually * * * withheld at the source”), that payment would necessarily be deemed to have been made on the original due date of the 1999 return, April 15, 2000. See sec. 6513(b)(1); Baral v. United States, 528 U.S. 431, 435—37 (2000). And finally, borrowing from Judge Holmes’ baseball analogy in Stromme v. Commissioner, 138 T.C. 213, 227 (2012) (Holmes, J., concurring), if an umpire calls a pitch a ball, and if the catcher complains that the pitch was in fact over the plate, it would not be improper for the umpire to point out to the catcher that, even if the pitch crossed the corner of the plate, it was below the batter’s knees and, still, a ball.